IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOWARD BAKER,
#14954-026,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                     Case No. 17-cv-841-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Howard Baker is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge the constitutionality of his confinement. (Doc. 1, p. 1). Relying on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), Baker asserts that his sentence was wrongfully enhanced based on his prior Illinois drug conviction(s). *Id.*

This matter is now before the Court for preliminary review of the § 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United

1

States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The § 2241 Petition survives preliminary review under Rule 4 and Rule 1(b).

## I. Background

In 2009, Baker was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *United States v. Baker*, No. 09-CR-20055-MPM-DGB-1 (C.D. Ill. 2009) ("criminal case"). He was found guilty following a jury trial on November 3, 2009. (Doc. 45, criminal case). The United States District Court for the Central District of Illinois sentenced him as a career offender to an enhanced term of 360 months' imprisonment, based on his prior state drug conviction(s). (Doc. 49, criminal case). He appealed, and the Seventh Circuit Court of Appeals affirmed the judgment of the district court on August 23, 2011. *United States v. Baker*, 655 F.3d 677 (7th Cir. 2011) (Doc. 53, criminal case).

On August 23, 2012, Baker filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the Central District of Illinois. *Baker v. United States*, No. 12-CV-2221 (C.D. Ill. 2012) ("collateral attack"). He argued that his trial counsel was ineffective. *Id.* The district court denied the § 2255

2

motion. *Baker v. United States*, 2013 WL 5642096 (C.D. Ill. 2013). Because Baker made no substantial showing of the denial of a constitutional right, the district court also denied a certificate of appealability. *Id*.

Baker filed a notice of appeal from the denial of his § 2255 motion. *Baker v. United States*, App. No. 13-3774 (7th Cir.). The Seventh Circuit construed the notice as an application for a certificate of appealability and denied the request on April 10, 2014. *Id*. (Doc. 4).

He then filed an application for an order authorizing a second or successive § 2255 motion. *Baker v. United States*, App. No. 16-2422 (7th Cir.). In the application, Baker requested permission to challenge his sentence under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *Id*. (Doc. 6). The Seventh Circuit denied the application, after determining that Baker's sentence was not impacted by *Johnson*. *Id*. His sentence as a career offender was instead based on two prior felony convictions for unlawful delivery of a controlled substance. *Id*.

Following the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), Baker filed another application for an order authorizing a second or successive § 2255 motion. *Baker v. United States*, App. No. 17-2067 (7th Cir.). The Seventh Circuit explained that *Mathis* "cannot serve as the basis for a successive § 2255 petition, because it is a case of statutory interpretation." *Id*. (Doc. 2) (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)).

Accordingly, the Seventh Circuit denied the application on May 26, 2017. *Id*.

## II. <u>Habeas Petition</u>

In the instant § 2241 Petition, Baker now challenges his enhanced sentence in light of the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). He also points to the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), in support of his challenge. (Doc. 1, pp. 1-15). Baker maintains that his Illinois drug conviction(s) pursuant to 720 ILCS § 570/401 no longer support his enhanced sentence under *Mathis* and *Hinkle*. *Id*. Because the Illinois state statute criminalizes conduct that falls outside of the conduct proscribed by the Sentencing Guidelines, Baker argues that his drug conviction(s) cannot be used to support his sentence as a career offender. *Id*. (citing *Descamps v. United States*, -- U.S. --, 133 S.Ct. 2276 (2013)).

## III. <u>Discussion</u>

A federally convicted person may ordinarily challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). The statute generally limits a prisoner to one challenge under § 2255, and Baker has already filed a § 2255 motion.

A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains

4

either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Baker already sought leave to file a second or successive § 2255 motion to pursue the arguments he now makes under *Mathis*, but his request was denied.

Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 is inadequate or ineffective when three requirements are met: (1) the petition relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d at 640; *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012).

Baker claims that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. He relies on *Mathis,* which is a statutory interpretation case that satisfies the first *Davenport* requirement. *See Dawkins*, 829 F.3d at 551 (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a

5

petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). The § 2241 Petition also satisfies the second *Davenport* requirement. Baker could not have relied on this case in his original § 2255 motion. Moreover, the Seventh Circuit has indicated that *Mathis* announced a substantive rule and, under controlling precedent, is retroactively applicable. *See Dawkins*, 829 F.3d at 551; *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011). Finally, the alleged increase in Baker's sentence based on the career offender enhancement could be deemed a miscarriage of justice. Under the circumstances, the § 2241 Petition facially satisfies the *Davenport* requirements and warrants further review.

Whether Baker is entitled to relief remains to be seen. The Supreme Court's decision in *Mathis* dealt with the ACCA and not the federal sentencing guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Accordingly, it is unclear whether *Mathis* applies to his sentence, given that the sentence enhancement was based on the advisory sentencing guidelines. The Supreme Court has also held that the residual clause in U.S.S.G. § 4B1.2(a) was not subject to a vagueness challenge, distinguishing a sentence imposed under the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017) (distinguishing *Johnson,* 135 S.Ct. 2551 (2015)).

Given the limited record before the Court and the developing application of *Mathis*, it is not plainly apparent that relief is unwarranted. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court deems it appropriate to order a response to the § 2241 Petition.

## IV. Disposition

**IT IS HEREBY ORDERED** that Respondent Warden T. G. Werlich shall answer the § 2241 Petition or otherwise plead within thirty (30) days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts

during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 5, 2017

Digitally signed by Judge David R. Herndon
Date: 2017.09.05 15:46:28 -05'00'

**United States District Judge**