IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOWARD BAKER,

        Petitioner,

vs.                                     Civil No. 17-cv-841-DRH-CJP

T. G. WERLICH,

        Respondent.

## MEMORANDUM and ORDER

Petitioner Howard Baker filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 11. Petitioner responded to the motion at Doc. 13.

Respondent argues that the petition must be dismissed because an incorrect application of an advisory Sentencing Guideline is not a miscarriage of justice that can be remedied in a collateral proceeding.

## Relevant Facts and Procedural History

Baker was convicted of possession with intent to distribute 5 grams or more of a substance containing cocaine base ("crack cocaine") in the Central District of Illinois. *United States v. Baker*, Case No. 09-cr-20055-MPM. On February 16, 2010, he was sentenced to 360 months imprisonment. The sentencing judge found that he was a career offender based on two prior Illinois convictions for unlawful delivery of controlled substances. Case No. 09-cr-20055-

1

MPM, Transcript of Sentencing Hearing, Doc. 65, p.9.

Baker filed a direct appeal. As is relevant here, he argued that his 360 month sentence was unreasonable. The Seventh Circuit disagreed, noting that the career offender enhancement was "properly applied and not challenged during the sentencing hearing or on appeal." *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011). The court also observed that Baker "has made a lifelong career out of drug dealing." *Ibid*.

Petitioner filed a motion under 28 U.S.C. § 2255 arguing ineffective assistance of counsel. In part, he alleged that his counsel had failed to challenge the government's evidence of his two prior drug convictions. Judge McCuskey denied the motion, noting that petitioner had admitted the two convictions at the sentencing hearing. *Baker v. United States*, 12-cv-2221-MPM, Doc. 9, p. 11.

Petitioner unsuccessfully sought permission from the Seventh Circuit to file successive § 2255 motions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Seventh Circuit, Docket Nos. 16-2422 and 17-2067.

## Analysis

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Baker argues that his two prior convictions for drug offenses under Illinois law do not qualify as controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. This argument would likely fail under *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017), holding that a conviction

2

for violation of 720 ILCS 570/401 is a "controlled substance offense" for purposes of the career offender Guideline. "Any conduct meeting the state's definition of 'delivery' comes within § 4B1.2(b) because 'transfer' is just another word for distribute or dispense." *Redden*, 875 F.3d at 375. However, it is unnecessary to decide the substantive merits of his argument because petitioner cannot not bring a *Mathis* claim in a § 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

Petitioner argues that *Hawkins* does not bar his claim because he was sentenced under a mandatory Guideline. He is incorrect. The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Petitioner was sentenced in 2010, long after *Booker* was

3

decided. Judge McCuskey's remarks at sentencing make it clear that he understood that the Guidelines were advisory. Case No. 09-cr-20055-MPM, Transcript of Sentencing Hearing, Doc. 65, pp. 13-15.

Petitioner cites *Narvaez v. United States*, 674 F.3d 621, 628 (7th Cir. 2011), and *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013). Those cases are of no help to him because the petitioners in those cases were sentenced under the pre-*Booker* mandatory Guidelines. His citations to *Hill v. Werlinger*, 695 F.3d 644 (7th Cir. 2012), and *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012), are not applicable because the petitioners in those cases were sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), not the career offender Guideline.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 7) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.02
15:02:50 -06'00'

**United States District Judge**

4

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).